ON PARTIAL REHEARING GRANTED
liWe granted partial rehearing in this matter to reconsider our original holding that Palazzo’s comparative fault or negligence should be considered by the trial court. In her application for rehearing, Palazzo argues that our holding give improper retroactive application to the amended version of La.R.S. 10:3-406, effective January 1, 1994. We agree with that argument.
As we noted in footnote 2 of our original opinion, at the time the instant suit was filed, the preclusion defense of R.S. 10:3-406 provided that if a person’s own negligence substantially contributes to the making of an unauthorized signature, that person is precluded from asserting lack of authority against the drawee. Effective January 1, 1994 the amended version of that statute provided for the apportionment of fault between the parties, similar to the comparative fault scheme of the Civil Code in tort matters. We conclude that the amended version of R.S. 10:3-406 is not retroactive and our original holding in this regard was error. See, Cole v. Celotex Corp., 599 So.2d 1058 (La.1992) which held Act 431 of 1979 (Civil Code comparative fault amendments) to be applied prospectively only.
Accordingly, we amend our original holding to provide that, on remand, the trial court should apply La.R.S. 10:3-406, and its interpretative jurisprudence, as it existed on the date this suit was filed. In all other respects, we deny Palazzo’s rehearing application.
REVERSED AND REMANDED.